UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ROBERT MUNRO WOLTERSTORFF III, | : | |
| *Plaintiff*, | : | |
| | : | |
| v. | : | No. 3:23-cv-1111 (VAB) |
| | : | |
| ANGEL QUIROS, et al., | : | |
| *Defendants*. | : | |

**RULING AND ORDER ON RENEWED SECOND MOTION TO COMPEL DISCOVERY**

APRN Juanita Scott and APRN Viktoriya Stork (collectively, "Defendants") have filed a renewed second motion to compel discovery. Ren. Sec. Mot. to Comp., ECF No. 54.

For the reasons stated below, the motions to compel is **GRANTED**.

Mr. Wolterstorff must submit his answers to APRN Scott and APRN Stork's interrogatories, signed and under oath, by **September 12, 2025**.

Mr. Wolterstorff must also sit for a deposition by **October 10, 2025**.

Failure to comply with this order may result in sanctions, including dismissal.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

Robert Wolterstorff III, a sentenced inmate, filed a *pro se* Complaint under 42 U.S.C. § 1983. Compl., ECF No. 1. After conducting its initial review of the Complaint under 28 U.S.C. § 1915A, the Court dismissed all of Mr. Wolterstorff's claims, except for his claims for deliberate indifference to medical and mental health needs against defendants APRN Scott, APRN Stork, APRN Ostheimer, and RN Janet. IRO, ECF No. 17 at 13–14. Those claims proceeded to service. *See* Order, ECF No. 18.

APRN Scott and APRN Stork filed their first motion to compel in February of this year, asserting that they "received no response whatsoever from Plaintiff to their discovery requests sent by certified mail on October 23, 2024." Mot. to Comp., ECF No. 39 at 6. The Court denied

this motion as moot, *see* Order, ECF No. 41, after APRN Scott and APRN Stork filed an amended motion to compel. *See* Am. Mot. to Comp., ECF No. 40.

The Court denied the amended motion to compel without prejudice to renewal following a discovery conference with the Court. Order, ECF No. 42. After the discovery conference, the Court *sua sponte* extended the deadline for Mr. Wolterstorff to comply with outstanding discovery requests to April 4, 2025, and extended the discovery deadline to July 11, 2025. *See* Order, ECF No. 48.

APRN Scott and APRN Stork filed a second motion to compel in April of this year, again claiming they had "received no response whatsoever from Plaintiff to their discovery requests sent via certified mail on October 23, 2024." Sec. Mot. to Comp., ECF No. 49 at 8. The Court denied this motion as moot after pro bono counsel filed a notice seemingly indicating that Plaintiff complied with APRN Scott and APRN Stork's discovery requests. Order, ECF No. 52 (citing Notice of Compliance, ECF No. 51).

APRN Scott and APRN Stork have now renewed their second motion to compel, alleging that Mr. Wolterstorff's "written discovery responses, which were not properly verified by [him], were rife with improper objections deferring and refusing to provide any substantive answers." Ren. Sec. Mot. to Comp., ECF No. 54 at 4. Mr. Wolterstorff has not filed a response within the timeframe permitted by the Local Rules. *See* D. Conn. L. Civ. R. 7(a)2 ("Unless otherwise ordered by the Court, all opposition memoranda shall be filed within twenty-one (21) days of the filing of the motion[.]"). Mr. Wolterstorff's "[f]ailure to submit a memorandum in opposition to a motion may be deemed sufficient cause to grant the motion, except where the pleadings provide sufficient grounds to deny the motion." *Id.*

## II.     STANDARD OF REVIEW

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). The information sought through discovery "is relevant if . . . it has any tendency to make a fact more or less probable than it would be without the evidence[ ] and . . . the fact is of consequence in determining the action." Fed. R. Evid. 401. "Information within th[e] scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).

Parties may seek discovery by submitting interrogatories to another party. *Whitserve LLC v. Computer Pat. Annuities N. Am., LLC*, No. CIV.3:04-CV-01897(CF), 2006 WL 1273740, at *1 (D. Conn. May 9, 2006) (noting that "parties may obtain discovery through the use of interrogatories without first obtaining leave from the court."). Rule 33 of the Federal Rules of Civil Procedure permits a party to propound up to 25 written interrogatories on another party. Fed R. Civ. P. 33(a)(1). Those interrogatories "may relate to any matter that may be inquired into under Rule 26(b)." Fed. R. Civ. P. 33(a)(2).

A party responding to interrogatories "must serve its answers and any objections within 30 days after being served with the interrogatories." Fed. R. Civ. P. 33(b)(2). If a party answers an interrogatory, it must do so "fully in writing under oath." Fed. R. Civ. P. 33(b)(3). "The person who makes the answers must sign them[.]" Fed. R. Civ. P. 33(b)(5). Parties may object to an interrogatory, *see* Fed. R. Civ. P. 33(b)(4), but "[a]n interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact[.]" Fed. R. Civ. P. 33(a)(2). Any "grounds for objecting to an interrogatory must be stated with specificity." Fed. R. Civ. P. 33(b)(4). And "the attorney who objects must sign any objections."

3

Fed. R. Civ. P. 33(b)(5). "Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4).

"Where a party has failed to answer an interrogatory, or has failed to produce documents, or has submitted responses to discovery requests that are evasive or incomplete, and the party opponent in good faith has attempted to resolve the party's failures without court intervention, the party opponent may move to compel the party's response." *Sellitto-Taylor v. McLean Affiliates, Inc.,* No. 3:20-CV-00162 (CSH), 2021 WL 950323, at *2 (D. Conn. Mar. 12, 2021) (citing Fed. R. Civ. P. 37(a)). The moving party bears the initial burden of "ma[king] a *prima facie* showing of relevance," or, "show[ing] that the requested information bears on, or . . . reasonably could lead to other matter that could bear on, any issue in the case[.]" *Doe v. Wesleyan Univ.*, No. 3:19-CV-01519 (JBA), 2021 WL 4704852, at *3 (D. Conn. Oct. 8, 2021) (quotation marks omitted). If the moving party meets that burden, the burden shifts to the non-moving party to "show[ ] why discovery should be denied." *Id.* (quotation marks omitted). "All motions relative to discovery, including motions to compel, are addressed to the discretion of the district court." *Baltas v. Hardy*, No. 3:23-CV-930 (VAB), 2024 WL 4580881, at *2 (D. Conn. Oct. 25, 2024) (quotation marks and alterations omitted) (quoting *Soobzokov v. CBS*, 642 F.2d 28, 30 (2d Cir. 1981)).

### III.   DISCUSSION

APRN Scott and APRN Stork move to compel Mr. Wolterstorff to "immediately populate better responses to defendants['] discovery which are responsive and with any objections waived." Ren. Sec. Mot. to Comp., ECF No. 54 at 13.

In support of APRN Scott and APRN Stork's request, they claim that (1) Mr. Wolterstorff's "boilerplate objections" "are *not* acceptable legal objections and do not allow a

4

party to evade the requirement to provide substantive responses," that (2) these objections are not verified, and that (3) these objections, "served more than six (6) months *after* the underlying requests were properly served," should be deemed waived because they are untimely. *See id.* at 6–7 (emphasis in original).

As a preliminary matter, the Court must determine whether APRN Scott and APRN Stork have met their burden of showing that their interrogatories seek relevant information. *See Doe*, 2021 WL 4704852, at *3. The interrogatories propounded to Mr. Wolterstorff and attached to APRN Scott and APRN Stork's Renewed Second Motion to Compel, *see* Ex. A-1, ECF No. 54-1; Ex. A-2, ECF No. 54-2, ask Mr. Wolterstorff to describe the events forming the basis of his lawsuit, including interactions that Mr. Wolterstorff had with these Defendants in their capacities as treating nurses responsible for his medical care. *See id.* This information is relevant to any claim of deliberate indifference to medical needs. *Cf. Charles v. Orange Cnty.*, 925 F.3d 73, 86 (2d Cir. 2019) (noting that "[i]n most cases, the actual medical consequences that flow from the denial of care are highly relevant in determining whether the denial of treatment subjected the detainee to a significant risk of serious harm"). As a result, APRN Scott and APRN Stork have met their initial burden of "ma[king] a *prima facie* showing of relevance," such that Mr. Wolterstorff must now "show[ ] why discovery should be denied." *Doe*, 2021 WL 4704852, at *3.

Mr. Wolterstorff has not responded to APRN Scott and APRN Stork's renewed second motion to compel. His failure is sufficient alone to grant the motion. *See* D. Conn. L. Civ. R. 7(a)2 ("Failure to submit a memorandum in opposition to a motion may be deemed sufficient cause to grant the motion . . . ."). In any event, the Court cannot discern that the "discovery [sought] should be denied." *Doe*, 2021 WL 4704852, at *3.

First, Mr. Wolterstorff's "boilerplate objections" "are not acceptable legal objections and do not allow a party to evade the requirement to provide substantive responses." Ren. Sec. Mot. to Comp., ECF No. 54 at 6 (emphasis omitted). Mr. Wolterstorff objected to nearly all questions propounded to him. *See* Ren. Sec. Mot. to Comp., Ex. A-1, ECF No. 54-1; Ex. A-2, ECF No. 54-2. He then lodged the same objection—"Overly broad and vague"—to seventeen out of nineteen questions put to him. *See ibid.* at 3–11.

While true that "[a] party may object to a [discovery] request if it is irrelevant, overly broad, or unduly burdensome," "the objecting party must do more than simply intone the familiar litany that the interrogatories are burdensome, oppressive or overly broad." *Lamoureux v. Genesis Pharmacy Servs., Inc.*, 226 F.R.D. 154, 158 (D. Conn. 2004) (quotation marks and brackets omitted). Instead, the objecting party must show "specifically how, despite the broad and liberal construction afforded the federal discovery rules, each request is not relevant or how each question is overly broad, unduly burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden." *Id.* at 159 (quotation marks and brackets omitted).

In addition to objecting to the interrogatories as "overly broad," Mr. Wolterstorff also maintains that seventeen interrogatories "seek[ ] information better suited for a deposition." *See* Ren. Sec. Mot. to Comp., Ex. A-1, ECF No. 45-1 at 3–11. But Mr. Wolterstorff does not explain why the information sought is "better suited for a deposition." *Lamoureux*, 226 F.R.D. at 159. And Mr. Wolterstorff has yet to agree to be deposed, *see* Ren. Sec. Mot. Comp., ECF No. 54 at 13 (noting "Defendant's inability to schedule Plaintiff's deposition despite a request pending for more than six (6) months").

Mr. Wolterstorff also objects to seventeen interrogatories because they "seek[ ] information from third parties and information not within its possession, custody, control, or personal knowledge." *See* Ren. Sec. Mot. Comp., Ex. A-1, ECF No. 45-1 at 3–11. But these interrogatories seek information from Mr. Wolterstorff himself and do not call on him to provide information "not within [his] possession, custody, control, or personal knowledge."

Additionally, Mr. Wolterstorff objects to an interrogatory because "it seeks information in the possession of, known to, or otherwise equally available to the plaintiff." Ren. Sec. Mot. Comp., Ex. A-1, ECF No. 54-1 at 3. But Mr. Wolterstorff is the plaintiff. Mr. Wolterstorff objects to the same interrogatory because "it asks for a compilation, summary, or analysis of documents or information" that "would require undue effort and is beyond the scope of standard discovery requests." *Id.* at 4. The question merely asks Mr. Wolterstorff, however, to "[d]escribe and list all testing, examination, or verbal questions of VIKTORIYA STORK, APRN during her November 20, 2020, encounter with [Mr. Wolterstorff]." *Id.* at 3. Describing one encounter with a nurse does not require a "compilation, summary, or analysis of documents or information" that "would require undue effort and is beyond the scope of standard discovery requests." *Id.* at 4. Mr. Wolterstorff also objects to three interrogatories on grounds that they call for a legal conclusion, *see id.* at 4–6 ("Plaintiff objects to this interrogatory because it calls for the plaintiff to make a legal conclusion."), but does not explain why that is the case.

Mr. Wolterstorff's boilerplate objections, without explanation and often unresponsive, are not proper. *See, e.g.*, *Tourtelotte v. Anvil Place Master Tenant, LLC*, No. 3:11CV1454 WWE, 2012 WL 5471855, at *2 (D. Conn. Nov. 9, 2012) (cleaned up) (noting that "[b]oilerplate objections that include unsubstantiated claims of undue burden, overbreadth and lack of relevancy while producing no documents and answering no interrogatories are a paradigm of

7

discovery abuse" (quotation marks omitted)); *Gabriele v. Fed. Ins. Co.*, No. 3:06CV813AWT, 2008 WL 280876, at *1 (D. Conn. Jan. 31, 2008) (noting that "[a] party cannot evade its discovery responsibility by simply intoning [the] familiar litany that the interrogatories [or requests for production] are burdensome, oppressive or overly broad" (internal quotation marks omitted)). As a result, Mr. Wolterstorff's boilerplate objections do not show that discovery should be denied. *See, e.g.*, *Tourtelotte*, 2012 WL 5471855, at *2 (granting motion to compel where defendant "filed identical boilerplate objections to each of the[] interrogatories and requests for production"); *Success Sys., Inc. v. CRS, Inc.*, No. 3:21-CV-01391 (SVN), 2023 WL 2403940, at *4 (D. Conn. Mar. 8, 2023) (granting motion to compel where plaintiff "asserted several boilerplate objections, but did not brief those objections in response to [defendant's] motion to compel").

Second, Mr. Wolterstorff's interrogatory responses also are deficient because they are unverified. *See* Ren. Sec. Mot. to Comp., ECF No. 54 at 7. Rule 33 requires that any response to an interrogatory, if "not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). Moreover, "[t]he person who makes the answers must sign them, and the attorney who objects must sign any objections." Fed. R. Civ. P. 33(b)(5). As a result, Mr. Wolterstorff's answers and objections are deficient. *See, e.g.*, *Clark v. Boughton*, No. 3:21-CV-1372 (SRU), 2023 WL 5349149, at *4 (D. Conn. Aug. 21, 2023) (granting motion to compel because "Defendants' responses [we]re not made under oath and signed by the person making the response" and were thus "deficient"). Because his answers and objections are deficient, Mr. Wolterstorff cannot show that discovery should be denied.[1]

---

[1] Although the discovery should be permitted for these two reasons, the responses and their related objections also could be deemed to be untimely under either Rule 33(b)(2)'s thirty-day deadline or the Court's April 4, 2025, deadline. *See* Fed. R. Civ. P. 33(b)(2); Order, ECF No. 48 ("[T]he Court *sua sponte* extends the deadline for Mr. Wolterstorff to comply with outstanding discovery requests to April 4, 2025."). And untimely objections to

8

Accordingly, because APRN Scott and APRN Stork have met their burden of showing that their interrogatories were relevant, and because Mr. Wolterstorff has not met his burden of showing that discovery should be denied, APRN Scott and APRN Stork's motion to compel is **GRANTED**.

IV. **CONCLUSION**

For the reasons stated above, the renewed second motion to compel discovery is **GRANTED**.

Mr. Wolterstorff must submit his answers to APRN Scott and APRN Stork's interrogatories, signed and under oath, by **September 12, 2025**.

Mr. Wolterstorff must also sit for a deposition by **October 10, 2025**.

Failure to comply with this order may result in sanctions, including dismissal.[2]

SO ORDERED.

Dated this 8th day of August 2025, at New Haven, Connecticut.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE

---

interrogatories can be deemed waived. *See, e.g.*, *Sellitto-Taylor*, 2021 WL 950323, at *3 (concluding that any objections to defendant's request for production of documents were waived where plaintiff took five months to respond to request and where defendant had made "repeated requests that [p]laintiff comply with [p]laintiff's discovery obligations") (citing *Cohalan v. Genie Indus., Inc.*, 276 F.R.D. 161, 163–64 (S.D.N.Y. 2011) (concluding defendant's objections to discovery requests waived where responses were served over four months late and plaintiff had made "persistent and exhaustive efforts to prompt the defendant to respond"); *Horace Mann Ins. Co. v. Nationwide Mut. Ins. Co.*, 238 F.R.D. 536, 538 (D. Conn. 2006) (concluding that objections to interrogatories and requests for production on basis of attorney-client privilege and attorney work-product protection were waived where plaintiff's objections were 22 days late, plaintiff did not produce a privilege log to perfect privilege claims, and plaintiff did not show good cause why its untimely objections should be excused)).

[2] *See, e.g.*, *Li v. Peck*, No. 3:21-CV-996 (VAB), 2025 WL 1207504, at *10–11 (D. Conn. Apr. 25, 2025) (noting that sanctions under Federal Rule of Civil Procedure 37 may include entering an order deeming certain facts established, granting a default judgment against the disobedient party, entering an order of contempt, or dismissal of the action in whole or in part).